IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JACKEE CRUMB                                                                                           PLAINTIFF

VS.                                           CIVIL ACTION NO.   5:22-cv-14-KS-RHWR

WALMART INC. and Fictitious
Defendants "A," "B," and "C," whether
singular or plural, those other persons,
corporations, firms or other entities
whose wrongful conduct caused or
contributed to cause the injuries and
damages to Plaintiff, all of whose true
and correct names are unknown to
Plaintiff at this time, but will be added
by amendment when ascertained                                                                      DEFENDANTS

## WALMART'S NOTICE OF REMOVAL

**COMES NOW** Walmart Inc.[1] ("Walmart"), by and through counsel and without waiving any objections to venue or other defenses, including any defenses under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, and file this Notice of Removal of this action from the Circuit Court of Adams County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division, and in support hereof, would show unto the Court the following:

   I.    **COMPLAINT**

   1.    On February 7, 2022, Jackee Crumb ("Plaintiff") filed her Complaint in this matter, hereto attached as Exhibit A, against Walmart in the Circuit Court of Adams County, Mississippi, this being civil action number CV-2022-KV-0010-S.  Walmart was served with copies of the

---

[1] Walmart Inc. is an improper party. The proper party is Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Arkansas.

1

Summons and Complaint on February 22, 2022. Exhibit B, Service of Process Transmittal.

  2.  In her Complaint, Plaintiff alleges that on July 11, 2020, she was walking on the premises of the Walmart store located at 314 Sgt. Prentiss Drive in Natchez, Mississippi, she tripped over drinks that were left on the floor of the aisle that she was walking down and injured herself. Exhibit A, at 2 (¶¶6-7). Count Two of Plaintiff's Complaint is titled "Wantoness" and alleges that "Defendant acted in such a wanton manner in creating and maintaining a dangerous condition..." *Id.* at 3(¶ 14). Plaintiff's Complaint further alleges that Defendant "wantonly failed" to exercise ordinary care; "wantonly failed" to cure a known defect; "wantonly failed to warn" Plaintiff; and "otherwise acted in wanton disregard of the rights and safety of the Plaintiff and other business invitees." *Id.* at 3,4(¶ 15). The Complaint also alleges that "acts and conduct of Defendant constitutes wantonness"[2] and in the prayer for relief Plaintiff "demands punitive damages in such amount as this Court may determine." *Id.* at 4(¶16, Paragraph beginning with "Wherefore")

  3.  The action filed by the Plaintiff against Defendant is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Although the Plaintiff does not specify a total demand in her Complaint, it is facially apparent from the allegations of the Complaint and the nature of the claims asserted against Defendant under Mississippi law that the amount in controversy exceeds the amount required for diversity jurisdiction. Specifically, the Plaintiff's Complaint alleges wanton disregard and seeks an unspecified

---

[2] Wantonness is a failure or refusal to exercise any care, while negligence is a failure to exercise due care. *Maldonado v. Kelly*, 768 So. 2d 906 (Miss. 2000). Mississippi case law indicates "reckless disregard" embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act. *Turner v. City of Ruleville*, 735 So. 2d 226, 230 (Miss. 1999), citing *Raney v. Jennings*, 248 Miss. 140, 158 So. 2d 715, 718 (Miss. 1963)

amount in compensatory and punitive damages . These claims alone are sufficient to satisfy the amount in controversy requirement for diversity jurisdiction."Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F.Supp.2d 731, 735 (S.D.Miss.2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D.Miss. Oct. 25, 2001) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir.1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993); *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 701 (S.D.Miss.1988)); See *Colony Ins. Co. v. Ropers*, 2011 WL 1226095, at *3 (S.D. Miss. 2011)(J. Starrett)(holding "that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action being met"); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. 2008)(J. Lee)(unspecified claim for punitive damages sufficient to establish diversity jurisdiction); Also see *Brookins v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 1233474, at *5 (S.D. Miss. Mar. 31, 2021).

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A.     *This Case is Removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)*

4.    28 U.S.C. § 1441(a) provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

The United States District Court for the Southern District of Mississippi, Western Division, is the district and division embracing the location of the state court where this suit is currently pending.

5. 28 U.S.C. § 1332(a), as amended, provides in pertinent part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

As discussed, because Plaintiff alleges wanton conduct and wanton reckless disregard and is seeking an unspecified amount in compensatory damages and punitive damages, the amount in controversy has been established, and this Court has original diversity jurisdiction of this matter.

### B.   *This Removal is Timely under 28 U.S.C. § 1446(b)*

6. Under 28 U.S.C. §1446(b), a notice of removal can be filed within thirty (30) days after receipt "through service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

7. As stated, Walmart was served with a copy of the Summons and Complaint on February 22, 2022. Exhibit B. Walmart is removing this case within thirty days of February 22, 2022. Therefore, this removal is timely.

### C.   *Required Documents Have Been Attached, and Notice Has Been Given to the Clerk*

8. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, filed and/or served on on Walmart are attached hereto as Exhibit C. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state-court file will be filed with this Court within fourteen (14) days of the date of removal.

9. Additionally, contemporaneous with the filing of this Notice of Removal, Walmart will file a copy of the same with the Clerk of the Circuit Court of Adams County, Mississippi, in accordance with 28 U.S.C. § 1446(d).

### III. DIVERSITY JURISDICTION

10. As stated, this Court has original diversity jurisdiction over this case pursuant toto § 1332(a) because complete diversity of citizenship exists, and Plaintiff's Complaint establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### A. *Diversity of Citizenship Exists*

11. According to the Complaint, Plaintiff is "a resident and citizen of Adams County, Mississippi." Exhibit A, at 1 (¶1).

12. Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole member of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Consequently, complete diversity exists.

13. Further, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)..., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Therefore, "John Doe defendants cannot be considered for purposes of removal." *Smith v. Canadian Nat./Illinois Cent. R.R.*, No. 02;06CV212-P-A, 2007 WL

986876, at *1 (N.D. Miss. Mar. 29, 2007). Consequently, complete diversity of citizenship exists.

### B.  *Amount in Controversy Has Been Met*

14. As discussed above, since Plaintiff seeks unspecified compensatory and punitive damages for Walmart's alleged wanton disregard in her Complaint, it is apparent from the face of the Complaint that the amount in controversy has been met, and this case is removable pursuant to 28 U.S.C. §1446.

15. Walmart reserves its right to amend or supplement this Notice of Removal.

16. Walmart reserves all affirmative defenses including, but not limited to, Rule 12(b) and 8(c) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Adams County be hereby stayed.

Respectfully submitted, this, the 17th day of March, 2022.

**WALMART INC.**

By: *(signature: Rajita Iyer Moss)*
Thomas M. Louis (MSB #8484)
Rajita Iyer Moss (MSB #10518)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

## **CERTIFICATE OF SERVICE**

I, Rajita Iyer Moss, hereby certify that a copy of this Notice of Removal was filed using the Court's ECF system, which should have automatically emailed a copy to:

Jessica Lennard, Esq.
Slocumb Law Firm, LLC
2304 19th Street, Suite 101
Gulfport, MS 39501

ATTORNEY FOR PLAINTIFF

Dated, this, the 17th day of March, 2022.

_____
Rajita Iyer Moss