**RECEIVED AND FILED**

IN THE CIRCUIT COURT FOR ADAMS COUNTY, MISSISSIPPI FEB 07 2022

EVA J. GIVENS, CIRCUIT CLERK
BY_____ D.C.

| | |
|---|---|
| **JACKEE CRUMB,** | * * * |
| Plaintiff, | * Case No.: CV - 2022 - KV-0010-S * * |
| v. | * * |
| WALMART INC. and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | * * * * * * * * * * * * |
| Defendant. | * |

## COMPLAINT

This is an action by Plaintiff, Jackee Crumb, (herein after referred to as "Plaintiff") against Defendant, Walmart, Inc., (herein after referred to as "Defendant") for personal injuries and damages sustained by the Plaintiff as the result of a defective condition on or about July 11, 2020.

### PARTIES, JURISDICTION, VENUE

1. The Plaintiff was a resident and citizen of Adams County, Mississippi at all times material to the issues in this case.

2. Defendant is a corporation that is registered to do business in the state of Mississippi at all times material to the issues in this case. Defendant may be served through its Registered Agent: CT Corporation System, 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232.



3.  Fictitious Defendants "A", "B" and "C' are other persons and/or entities whose wrongful conduct may have caused and/or contributed to the incident that forms the basis of this Complaint but are unknown to Plaintiff at this time.

4.  The incident giving rise to this complaint occurred in Adams County, Mississippi.

5.  Venue in Adams County, Mississippi is proper.

## APPLICABLE FACTS

6.  On or about July 11, 2020, Plaintiff was an invitee at the Walmart Located at 314 Sgt. Prentiss Dr, Natchez, MS 39120, in Adams County, Mississippi.

7.  At said time and place, Plaintiff was injured when she tripped over drinks that were left on the floor of the aisle that she was walking down.

## COUNT ONE - NEGLIGENCE

8.  Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

9.  Plaintiff fell due to Defendant negligently causing a dangerous condition with actual or constructive knowledge that Defendant's premises were dangerously maintained and Defendant allowed said condition to be present without warning to the Plaintiff of the presence danger.

10. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

    (a)  Negligently failed to exercise ordinary care.

    (b)  Negligently failed to cure a known danger.

    (c)  Negligently failed to warn Plaintiff of said known danger.

    (d)  Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

11. The Plaintiff avers that the acts and conduct of the Defendant constitutes common law negligence.

12. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

13. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

14. At said time and place, Defendant acted in such a wanton manner in creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition, so as to

    (a) cause injury to Plaintiff due to the dangerous condition, and

    (b) cause Plaintiff to undergo doctors appointments, and

    (c) cause the Plaintiff to suffer and sustain the injuries and damages.

15. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

    (a)    Wantonly failed to exercise ordinary care.

    (b)    Wantonly failed to cure a known defect.

    (c)    Wantonly failed to warn Plaintiff of said known defect.

(d)     Otherwise acted in wanton disregard of the rights and safety of the Plaintiff and others business invitees.

16. The Plaintiff avers that the acts and conduct of the Defendant constitutes wantonness.

17.    As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT THREE – FICTITIOUS DEFENDANTS

18.    Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

19.    Fictitious Defendant "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to the injuries sustained by the Plaintiff, said Fictitious Defendant names are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**JURY DEMANDED AS TO ALL COUNTS OF THE COMPLAINT**

This February 1, 2022.

Respectfully submitted,

/s/ Jessica Lennard
JESSICA LENNARD
Mississippi Bar No.: 105046
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
2304 19th Street
Suite 101
Gulfport, MS 39501
Tel. No. (228) 687-9400